ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Patricia A. O'Neil
2732 Bath Avenue
Brooklyn. NY 11214
NAME OF PLAINTIFF(S)

COMPLAINT

09 781

v.

Bank of America
One Bryant Park
New York, N.Y. 10036
NAME OF DEFENDANT(S)

DEARIE, CH. J

BLOOM, M.J.

This action is brought for discrimination in employment pursuant to (check only those that apply):

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592 , the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

2732 Bath Avenue
Street Address

Kings (Brooklyn) New York 11214, 718 266 1184.
County State Zip Code Telephone Number

2. Defendant(s) resides at, or its business is located at:

One Bryant Park
Street Address

New York (Kings) New York, N.Y., 10036
County City State Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

40 West 57th Street
Street Address

Kings, New York, N.Y., 10019
County City State Zip Code

4. The discriminatory conduct of which I complain in this action includes (check only those that apply).

_____ Failure to hire.

__✓__ Termination of my employment.

_____ Failure to promote.

_____ Failure to accommodate my disability.

__✓__ Unequal terms and conditions of my employment.

_____ Retaliation

_____ Other acts (specify): ______________________________.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:
throughout 2007.
Date(s)

6. I believe that the defendant(s) (check one)

_____ is still committing these acts against me.

__✓__ is not still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

[✓] race Caucasian [✓] color white.

[ ] gender/sex __________ [ ] religion __________________

[ ] national origin ____________________________________

[ ] age _________ My date of birth is: _____________________
Date

[ ] disability ________________________________________

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

While employed at Bank of America, Plaintiff was paid a lower rate than other employees performing similar duties. Plaintiff was denied job training that was provided for African American employees. Plaintiff was subjected to email investigation that targetted Caucasian employees only and resulted in the termination of three (3) Caucasian employees while non-Caucasian and non-female employees utilized email in similar manner with impunity. Please see Attached Complaint for specific details.

(Attach additional sheets as necessary)

**Note:** As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: ______________________.
Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: 10/18/2007 and 04/23/2008.
Date

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

______ 60 days or more have elapsed.

______ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

______ has not issued a Right to Sue letter.

______ has issued a Right to Sue letter, which I **received** on ________________.
Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

Patricia A. O'Neil
PLAINTIFF'S SIGNATURE

Dated: February 13, 2009

2733 Bath Avenue
Address
Brooklyn, N.Y. 11214

718 266 1184
Phone Number

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

Patricia O'Neil,
2732 Bath Avenue
Brooklyn, NY 11214
Plaintiff

-against-

Bank of America
One Bryant Park
New York, NY 10036
Defendant(s)

-----------------------------------------------------X

**COMPLAINT**

COMES NOW the Plaintiff, Patricia O'Neil, and sues the Defendant, Bank of America, for compensatory and punitive damages and for this cause of action would most respectfully show unto this Court the following facts, to wit:

**PARTIES**

1. The Plaintiff, Patricia O'Neil, is an adult resident citizen of Brooklyn, NY.

2. The Defendant, Bank of America, is a Delaware corporation doing business in the State of New York at One Bryant Park. The agent for service of process is the Federal Marshall of the United States District Court, Eastern District of New York.

3. The Plaintiff was an employee within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. The Defendant is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**FACTUAL SITUATIONS**

4. In early November of 2006, Plaintiff began interviewing for a position in the Bank of America (BofA) Legal Department. Plaintiff was interviewed initially by Alex Thomson, Senior Administrative Assistant and assistant to the Administrative Manager, Vicky Cyr, of Bank of America Legal Department. Alex Thomson described the position as an administrative assistant ***and*** in-house departmental presentation, graphics and document specialist. Plaintiff was told

that she would be responsible for the administrative support details of two (2) attorneys and also to serve as an in-house departmental presentation, graphics and document specialist for more advanced functions of Microsoft Office Suite software, as many existing employees had no experience working in Microsoft PowerPoint and did not understand advanced functions of Microsoft Word and Excel software. Plaintiff was told that she would be working on more advanced MSWord documents and would be expected to take in work for all attorneys and administrative staff that had need of Plaintiff's services.

5. Plaintiff's second interview was held approximately one week later, with Administrative Manager Vicky Cyr. Ms. Cyr also described the position Plaintiff had interviewed for to be dual purpose: administrative assistant to general counsel and departmental presentation, graphics and document specialist. In the third week of November, Plaintiff received a call that Bank of America was ready to make her an offer on the position. Plaintiff accepted Defendant's offer and start date of November 29, 2006. Plaintiff was informed on Friday, November 24, 2006 that the start date was concurrently pushed back to December 6, 2006. Plaintiff lost one weeks pay from a temporary assignment held prior to hire at Bank of America as a result of the change in start date.

6. From the beginning of Plaintiff's employment at BofA, Plaintiff's title appeared in the BofA directory as Administrative Assistant Level III while all other assistants in the legal department held the title of Senior Administrative Assistant. In January of 2008, Plaintiff received an evaluation with Administrative Manager Vicky Cyr. During this evaluation, Plaintiff explained to Ms. Cyr that more and more legal department associates where utilizing Plaintiff's services as a departmental presentation, graphics and document specialist and Plaintiff informed Ms. Cyr that Ms.Cyr's assistant, Susan Stollmack had been directing these associates to Plaintiff, therefore increasing Plaintiff's productivity. This evaluation resulted in a marginal salary increase of $1000.00 per year. No mention was made at this evaluation that there had been any change in Plaintiff's position as described during the interview process.

7. In March of 2007, Plaintiff met Mr. David Grimes, Head of Bank of America Legal Department for the first time. Upon meeting Plaintiff, Mr. Grimes asked Plaintiff how she felt about the change in her position. Plaintiff had never been informed that there was any change in her position by anyone in the Legal Department. Plaintiff asked Alex Thomson what Mr. Grimes meant regarding this change in position and was never given a definitive answer.

Manager Vicky Cyr was working in the Los Angeles office and was not available to clarify Mr. Grimes' comment for Plaintiff. Plaintiff had never been given a written job description and continued to take in work from other administrative personnel while serving as an administrative assistant to two (2) Assistant General Counsel and one (1) part-time Assistant General Counsel throughout her tenure at Bank of America Legal Department.

8. In May of 2007, it was announced that Vicky Cyr would be replaced by Octavia Saine, Administrative Manager of Bank of America Legal Department (Charlotte, NC) on an interim basis until a permanent manager for the New York Administrative staff was hired. After a luncheon and meeting where Ms. Saine was introduced to the staff, Plaintiff inquired of Ms. Saine as to the meaning of Mr. Grimes statement regarding a change in Plaintiff's position and related Plaintiff's understanding of being and administrative assistant and departmental presentation, graphics and document specialist as was described to Plaintiff during the interview process. Ms. Saine informed Plaintiff that she was mistaken and the job was straight administrative assistant as Bank of America does not employ Document Specialists. Defendant gruffly reproached Plaintiff's further inquiry and discouraged further discussion regarding Plaintiff's job description at that time. Ms. Linda Smith of The Bank of America Legal Department (Assistant to David Grimes) was witness to this exchange.

a) Plaintiff held the formal title of Administrate Assistant Level III while all other Administrative Staff held the title of Senior Administrative Assistant. Upon repeated inquiry by Plaintiff, Defendant Ms. Saine eventually changed Plaintiff's title to Senior Administrative Assistant in June of 2007, after semi-annual review, and informed Plaintiff that there was to be no monetary compensation for the change in position. Plaintiff's starting salary under the title of Administrative Assistant Level III was approximately $10,000.00 per year lower than those hired as Senior Administrative Assistant. Plaintiff was expected to perform the duties of a Senior Administrative Assistant throughout her tenure with Bank of America

9. Throughout Plaintiff's tenure with Bank of America, Plaintiff had asked for training in the software and processes used internally to submit external counsel bills for payment from Vicky Cyr, Alex Thomson and Defendant Octavia Saine. Plaintiff's requests were ignored. During Plaintiff's mid-year performance evaluation, Defendant Ms. Saine informed Plaintiff that the few internal invoices that had been returned to Plaintiff by the Legal Invoice Processing

Team were considered a "performance issue " and would be treated as such. Ms. Saine bellowed an unfamiliar name at Plaintiff and stated that it was Plaintiff's responsibility to arrange for training with that person Defendant had named during the evaluation.

a) In stark contrast, Ms. Saine arranged a ten (10) day thorough training schedule for an African American worker (Sherry McKnight) who had transferred from North Carolina to the New York office of the Legal Department of Bank of America. The attorneys to whom Sherry McKnight reported to were given a copy of her training schedule, as were all persons expected to provide training to Ms. Knight, including Plaintiff. Defendant Ms. Saine personally oversaw Sherry McKnight's training while Plaintiff had been placed in the position of having to be responsible for conducting own training and explain her own absence from desk to the attorneys that Plaintiff reported to when seeking assistance in navigating the software and procedure necessary to perform job at Bank of America. Plaintiff had gathered training from persons directly in the Legal Department and used all available online tutorials to gather information necessary to perform duties as Senior Administrative Assistant prior to this evaluation and had invoices returned as unpaid infrequently and due to changes in the invoice submission criteria, not as a result of errors on the part of Plaintiff.

10. On September 4, 2007 Defendant Ms. Octavia Saine, terminated a fellow employee, Ms. Deborah Poole for misuse of company email during a dispute with another employee (Regina Canto) who also misused company email and was not terminated as a result of the aforementioned dispute. Regina Canto is of mixed Asian descent while Ms. Poole is Caucasian. There was no employee mediation session held to determine the cause of the dispute between these two workers and only Ms. Canto's account of what had transpired was taken into account by management. Ms. Deborah Poole terminated without notice and without having an opportunity to present her side of the dispute despite having an impeccable history of performance. Following Ms. Poole's termination, Defendant Ms. Saine held a meeting of the administrative staff of the legal department where in which she stated that a **'core of evil'** existed amongst the administrative staff. Defendant further stated that and she was conducting a thorough investigation of inter-office emails that would definitely result in additional terminations. Defendant Ms. Saine's investigation was revealed to target only Caucasian employees of Bank of America Legal Department.

a) Two days after alluding to a 'core of evil' that existed among the administrative staff at Bank of America, on September 6, 2007, Defendant Ms. Saine called Plaintiff into the office she had been occupying at 40 West 57th Street. Defendant Ms. Saine asked Plaintiff why Plaintiff though Defendant Octavia Saine might want to have a word with Plaintiff. Plaintiff responded that she was sure it was regarding the investigation of inter-office emails and the 'core of evil' that had been alluded to during the administrative meeting of September 4, 2007. Defendant Ms. Saine responded in the affirmative and verbalized her disgust at Plaintiff's correspondence with Ms. Poole and proceeded to chastise Plaintiff for more than thirty minutes while waiving the folder of printed emails Defendant held in her hand while berating, humiliating and verbally abusing Plaintiff in a fire and brimstone speech that went far beyond appropriate measures for employee disciplinary action and quickly became a sadistic personal attack upon Plaintiff wherein which Defendant Ms. Saine insulted and humiliated Plaintiff unnecessarily, going as far as to inquire of Plaintiff as to whether or not Plaintiff would consider the content of her email to be appropriate material for the children that Plaintiff taught in Sunday school. This line of questioning was clearly intended to humiliate Plaintiff as the correspondence in question was between adults and Plaintiff had in no way subjected children to inappropriate material as the Defendant had insinuated.

b) Plaintiff inquired several times as to whether or not she was being terminated in this meeting. Defendant Octavia Saine did not respond to this inquiry and continued her tirade, interrupting Plaintiff's attempts to speak or apologize or explain Plaintiff's actions, until toward the end of the meeting where Defendant stated "I recommend you seek other employment immediately". Plaintiff repeated, "Am I fired", Defendant stated "You are not being fired today. I recommend you seek other employment immediately. You are being put on notice that you are under my investigation and you will be terminated. I will continue to investigate until I find cause to terminate your position". Plaintiff attempted to apologize to Defendant Ms. Saine for subjecting Defendant to subject matter which Defendant found offensive in emails to Ms. Poole, and further asked if it would be possible that Plaintiff transfer to another department within Bank of America. Defendant Ms. Saine loudly stated "You are not Bank of America material. You have no future here. I recommend you seek other employment immediately! My investigation is going to continue and you will be fired!" Defendant Ms. Saine was very clearly attempting to coerce Plaintiff into voluntarily

quitting her position at Bank of America as soon as possible.

11. At the close of the September 6, 2007 meeting, after accusing Plaintiff of not taking the situation seriously based on Plaintiff's emotional composure, Defendant Ms. Saine leered menacingly and leaned into Plaintiff and asked "How do you feel right now". Plaintiff responded by saying that the whole situation was humiliating and regrettable. Defendant Ms Saine responded by nodding and smiling, then informed Plaintiff the meeting was over and wished Plaintiff good luck with Plaintiff's job hunt. Plaintiff began sending out my resume that same evening in search of a new position outside of Bank of America.

a) It became apparent that Ms. Saine's 'investigation' was targeted at Caucasian workers only as other employees of Bank of America Legal Department were being called on the carpet for misuse of company email. The resulting terminations included Caucasian staff only despite the fact that non-Caucasian persons were also conducting personal use of the company's email system in the same manner as the terminated Caucasian employees. An employee directly involved with Ms. Poole's termination, Regina Canto is of mixed Asian/Caucasian descent and was not terminated as a result of her misuse of company email despite the use of profanity in her correspondence with Ms. Poole. Plaintiff shared a cubicle with Ms. Canto and observed Ms. Canto's correspondence with another employee, Althea Aikens were in which Ms. Poole's termination was being discussed. Defendant Octavia Saine has made it clear that company email was not to be used as a source of gossip during the September 4, 2007 meeting and these two non-Caucasian employees continued to misuse company email without reproach.

b) Three (3) people, all Caucasian, had been terminated as a result of the investigation instigated by misuse of company email. Of the three (3) people that were terminated two (2) were replaced by non-Caucasians and one (1) was not replaced at all. Plaintiff's position was not filled and Plaintiff's duties were instead distributed to two (2) existing employees after Plaintiff's termination. The space that Plaintiff had occupied at Bank of America had been filled with a new Paralegal Assistant as opposed to a replacement Senior Administrative Assistant. Defendant obviously determined that Plaintiff's position was no longer necessary to the Bank of America Legal Department and could have elected to conduct a fair lay-off based on that determination as her

position as interim manager came with the authority to restructure the department as she saw fit.

12. On September 20, 2007, Plaintiff was terminated from her position as a Senior Administrative Assistant from the Legal Department at Bank of America by Defendant Octavia Saine via telephone in the presence of Assistant General Counsel Trisha Lawson and General Counsel Abby Mieselman. The reason stated for Plaintiff's termination was related to an internal invoice processing form that Plaintiff had signed in lieu of Attorney Trisha Lawson, to whom Plaintiff reported, coupled with performance issues that were alleged to have not improved.

a) The invoice processing form in question had been reviews and approved ***several*** times by Assistant General Counsel Trisha Lawson as it had been returned by the Legal Invoice Processing team on three (3) occasions for various reasons. Ms. Lawson had already approved the amount. Plaintiff was aware that the legal invoice processing form was Part three (3) of a five (5) part process and Plaintiff was aware that Ms. Lawson would see the invoice in her Legal Precision queue before final approval would be rendered through that software by Ms. Lawson.

b) Ms. Lawson dropped the form, which Plaintiff had left in Ms. Lawson's 'in-box' for signage, onto Plaintiff's desk and stated emphatically "This has to get processed," and then left the office for the day. Ms. Lawson had previously directed Plaintiff to sign her name on credit card receipts and Plaintiff elected to sign for Trisha Lawson in order to get the invoice processed as directed. Ms. Lawson had been in receipt of a departmental email that was sent out in July of 2007 that clearly stated that all internal invoice processing forms were to be signed by the Attorney assigned to the case to which the invoice applied. Despite this fact, Ms. Lawson returned the unsigned invoice to Plaintiff with the instruction "get this processed." Plaintiff was put in the position of having to make a decision between signing attorney's name to expedite processing or leaving the form in Trisha Lawson's in-box once again although outside counsel had already repeatedly contacted Ms. Lawson and Plaintiff seeking overdue payment. After conferring with several other Senior Administrative Assistant's in the department, Plaintiff made decision to sign for Trisha Lawson in order to proceed with Part 3 of the invoice process as imperatively directed by Trisha Lawson. It had been

common practice for administrative staff to sign the names of the attorneys to whom they report for various reasons to various documents in the Bank of America Legal Department and Plaintiff had no reason to suspect that this action would result in her position being terminated. This incident occurred several months prior to Defendant Octavia Saine's investigation that resulted from the email infractions alluded to previously in this Complaint. Had Plaintiff any reason to suspect that this action might lead to job loss, Plaintiff would have elected to give the invoice processing form back to Trisha Lawson for signage despite the fact that the outstanding invoice to Outside Counsel was long overdue and Ms. Lawson firmly directed 'get this processed!'.

c.) Defendant Octavia Saine had chosen the ***opinion*** that Plaintiff's decision to provide necessary signage to facilitate the process of invoice payment was *misconduct*, and used this as cause for the termination Defendant had vowed against Plaintiff as a result of Defendant's email investigation. There was no personal gain whatsoever to be garnished by Plaintiff for taking the action of signing the internal processing for in lieu of attorney and there was no malevolent intent on behalf of Plaintiff in connection with signing for the processing of this form which had already been approved by General Counsel Trisha Lawson. The intent of Plaintiff's action was to get the invoice paid so that Outside Counsel could collect overdue fees, period. There was no other possible motivation on behalf of Plaintiff. There is no means by which Plaintiff would garner personal gain from having signed this internal invoice, the intention was simply to follow the directive of Trisha Lawson and get the invoice processed. There was no foul play or surreptitious behavior involved in this decision by Plaintiff. Plaintiff was well aware that Ms. Lawson would see the invoice in her Legal Precision queue after it had been processed by the Legal Invoice Team and in no way tried to conceal the fact that Plaintiff had provided the signature necessary to process this overdue invoice.

13. In the weeks between September 6, 2007 and September 20, 2007, Defendant Octavia Saine routinely called Attorney Trisha Lawson, sometimes several times in one day. Considering that Plaintiff was assigned to answer Ms. Lawson's telephone, Defendant knowingly tried to intimidate Plaintiff with constant reminders that the investigation intended to result in Plaintiff's termination was indeed continuing. As Defendant Octavia Saine was also in a position to threaten the position of any and all Attorneys in the Legal Department, it was in Ms.

Lawson's best interest to cooperate with Defendant Octavia Saine's agenda of finding cause to terminate Plaintiff. In addition to the frequent phone calls, Plaintiff was forced to endure seeing the word 'interim' placed before her name on internal memorandum pertaining to the Fire Warden list posted throughout the Legal Department. Plaintiff had been assigned as a 'seeker' in the case of a fire related emergency. On September 10, 2007, Susan Stollmack who served as assistant to the Defendant Octavia Saine had been instructed by Defendant Octavia Saine to place the word 'interim' before Plaintiff's name on all Fire Warden postings that were hung around the legal department. Susan Stollmack placed these posting on all desks except for that occupied by the Plaintiff and in all common areas throughout the department. Additionally, Susan Stollmack asked Plaintiff to join her outside the building on the morning of September 19, 2007 for a private conversation. In this conversation, Ms. Stollmack advised Plaintiff to try and speak to Attorney Trisha Lawson as Defendant Octavia Saine had been pushing Trisha Lawson towards terminating Plaintiff for several weeks. Ms. Stollmack informed Plaintiff, "I like you and I don't want to see anything happen to you, so go try to talk to Trisha Lawson."

a) Bank of America employee, Regina Canto (Asian), shared a cubicle with Plaintiff and habitually arrived late to work and did not adjust her timesheet, which is a violation of the Company's Code of Ethics and blatant theft as Ms. Canto received payment for time during which she was not in the office. Ms. Saine's assistant, Susan Stollmack had called Plaintiff several times to inquire as to the actual time of Ms. Canto's arrival. Ms. Stollmack informed Plaintiff that Defendant Ms. Saine was aware of Ms. Canto's timesheet adjustments. Despite being caught tampering with her timesheet, Ms. Canto remains employed by Bank of America, which serves as further evidence that Defendant Octavia Saine's process of eliminating problem employees was limited to Caucasian employees only.

b) Prior to the events of September 2007, a Latina employee, Ms. Liliana Mesa had resigned from her position as a Senior Administrative Assistant in the Bank of America Legal Department after a confrontation wherein she had used profanity towards the attorney to whom she reported, Steve Chaiken, in front of other Legal Associates. Despite this conduct, Ms. Mesa received severance pay despite this blatant violation of the Bank of America Code of Ethics. The three (3) Caucasian employees terminated by Defendant Octavia Saine in September of 2007 received no severance pay and were denied Unemployment Benefits upon termination.

14. In October 2007, Plaintiff received notice that Unemployment Benefits had been denied by Defendant based on Defendant categorizing Plaintiff's decision to sign the invoice processing form as misconduct and willful misrepresentation. Plaintiff contested this decision and a hearing was held on January 14, 2008 at the Unemployment Insurance Appeal Board at the request of Plaintiff. The Defendant **did not attend** this hearing despite being given adequate notice of the date of hearing and having requested and received permission to attend via telephone and having requested and received all file materials via facsimile from the Unemployment Benefits Insurance Appeal Board prior to the initial hearing date.

a) On February 7, 2008 Administrative Law Judge Nicholas Alimaras decided in the Plaintiff's favor and reversed the Defendant's decision to withhold Unemployment Insurance from Plaintiff. Justice Alimaras concluded that although guilty of poor judgment, Plaintiff did **not** commit a dishonest act by signing in the place of the assistant general counsel and that the Plaintiff's actions did **not** amount to misconduct, further concluding that the Plaintiff did not lose her job under disqualifying circumstances. Defendant then appealed this decision and requested another hearing. Although duly notified of the time and place of the hearing before the Administrative Law Judge on the application to reopen, the Defendant failed to appear a second time. The Defendant was held in default for failing to appear at the requested hearing and Defendant's application to reopen the decision of the Administrative Law Judge was denied. That decision continues in effect.

## CAUSES OF ACTIONS

15. The Defendant has violated numerous federal and state laws in the unlawful termination of Plaintiff and attempts to coerce Plaintiff to voluntarily resign from position held at Bank of America Legal Department. The Defendant had deprived the Plaintiff of her job and has severely affected the substantial interest she had in her reputation and her ability to earn a living. The Plaintiff has further been denied access to certain benefits to which she was entitled under the Defendant's employee benefit plan. The Defendant's termination of the Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. The Defendant's representative, Octavia Saine, exhibited ill will, malice, improper motive, and indifference to the Plaintiff's civil rights by launching a harassment and intimidation campaign against Plaintiff prior

to Termination and then contesting Unemployment Insurance Benefits while offering no severance pay upon termination, rendering Plaintiff incapable of participating in Cobra benefits program offered by Bank of America for much needed medical treatment and placing Plaintiff in a position of overnight abject poverty with no means of financial support.

## DAMAGES

16. The Plaintiff, as a result of the action of the Defendant, has suffered lost wages, mental anxiety and stress, and other damages for which she will show at trial of this cause of action.

17. The Plaintiff has suffered compensatory damages and punitive damages as a result of the actions of the Defendant, is entitled to back pay to compensation for Defendant's choice to underpay Plaintiff for duties performed while employed at Bank of America, and severance pay, as a result of the actions of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Patricia O'Neil, respectfully prays for the following relief against the Defendant, Bank of America:

A. Compensatory damages in the amount of $8,000.00

B. Punitive damages in the amount of $8,000.00

C. Severance pay in the amount of $2,270.00

RESPECTFULLY SUBMITTED,

Patricia A. O'Neil

# ADDENDUM

A. Notice of Right to Sue

B. Defendant Request for Appeal Dated November 8, 2008 (should be 2007)

C. UIAB Decision in Plaintiff's favor dated February 7, 2008

D. Defendant Request for Appeal Dated February 13, 3007

E. UIAB Decision in Plaintiff's favor dated April 1, 2008

F. USEEOC Complaint filed by Plaintiff on April 23, 2008, receipt notification from USEEOC dated May 13, 2008

A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

David Abrams, Esq.
305 Broadway, 5th Floor
New York, NY 10007

Re: Patricia O'Neil v. Bank of America
Charge No. 520-2008-03183

Dear Mr. Abrams:

The EEOC has concluded its inquiry into your client, Patricia O'Neil (hereinafter referred to as the "Charging Party") allegations of discrimination. The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), implemented charge prioritization procedures. The procedures which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our resources on those cases that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the Commission has evaluated your charge based upon the information and evidence gathered during the processing of your case. Our review of the evidence in your case, including the information you have provided, fails to indicate that a violation has occurred and it's not likely that additional information will result in our finding a violation.

More specifically, Charging Party has alleged that because of race (White) and sex (female) her supervisor (Black) called her "evil" following an investigation of e-mails within her department. Charging Party further alleges that she, along with three other White female employees were terminated following the same e-mail investigation. Charging Party states she believes that other employees who are non White or male had engaged in similar conduct but were not terminated.

Respondent denies all of the allegations. Respondent asserts that Charging Party was terminated because of her falsification of a Bank document and her performance deficiencies. Respondent explains that invoices must be approved and signed off by the respective in-house attorney before the invoice is processed for payment. Respondent states that Charging Party inappropriately signed the attorney's name and processed the invoice for payment. Respondent asserts while an investigation of inappropriate emails within the department resulted in several employees being dismissed, Charging Party's termination was not as a result of inappropriate emails.

A

Respondent has proffered legitimate non discriminatory reasons for its action and there is no evidence to support the allegation of discrimination. Given all of the evidence (enclosed) the Commission will take no further action in this matter. Your Determination/Notice of Right to Sue is enclosed. The Determination is final. If you wish to pursue the charge on your own, you may file a lawsuit on your own in Federal District Court using the Notice of Right to Sue, within 90 days of your receipt of it.

Please refer any questions you may have in this matter to Investigator Joan Marchese who may be reached at (212) 336-3782.

Sincerely,

11/25/08
Date

[signature] for
Spencer H. Lewis, Jr.
District Director

cc: Patricia O'Neil ✓

EEOC Form 161 (2/08) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

A

# DISMISSAL AND NOTICE OF RIGHTS

To: **Patricia O'Neil**
**2732 Bath Avenue**
**Brooklyn, NY 11214**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2008-03183** | **Joan Marchese, Investigator** | **(212) 336-3782** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

11/25/08
*(Date Mailed)*

Enclosures(s)

cc:

**Vincent J. Castle, VP**
**Employee Relations Case Manager**
**BANK OF AMERICA CORPORATION**
**CA9-702-03-87**
**101 S. Marengo Ave., 3rd Floor**
**Pasadena, CA 91101**

**David Abrams, Esq.**
**305 Broadway, 5th Floor**
**New York, NY 10007**

A

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

B

# JON-JAY ASSOCIATES, INC. ~ A TALX COMPANY

**Management Consultants**
***Specializing in Unemployment Compensation***

**One Corporation Way ~ Peabody, Massachusetts 01960**

November 8, 2008 ← Incorrect date - should read November 8, 2007 - P. O'Neil

Unemployment Insurance Appeal Board
Administrative Law Judge Section
PO Box 697
New York, NY 10014-0697

VIA FACSIMILE: **212-352-6814**

**Claimant: Patricia O'Neil**
**SS# 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**
**Employer: Bank of America**
**ALJ Case No.: 007-28265**

To Administrative Law Judge Nicholas Alimaras:

As duly authorized agents for the above employer, we wish to request that the witness for the employer be allowed to participate via telephone. As grounds thereof, the only witnesses for the employer with firsthand testimony/involvement are located in the employers corporate offices in North Carolina. The employer is prepared to submit documents in advance of the hearing and will have no trouble if allowed to testify by telephone.

Please allow due process and the employer the chance to present its full case.

Thank you for your consideration in this matter.

Sincerely,

Aaron Heyer
Hearing Dept
888-750-8839 x-6276

RECEIVED
JAN 08 2008
UNEMPLOYMENT INSURANCE
ADMIN. LAW JUDGE SECTION

C



STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
**ADMINISTRATIVE LAW JUDGE SECTION**
P.O. BOX 697
NEW YORK NY 10014-0697
(212) 352-6982
FAX:(212) 352-6814

**WILLIAM J. ROLD**
CHIEF ADMINISTRATIVE LAW JUDGE

**TERESA A. DEMEO**
PRINCIPAL ADMINISTRATIVE LAW JUDGE

**MARGARET O'BRIEN**
**LAURANCE I. PAVER**
**LEONARD R. SHAPIRO**
**PAULA YORKE**
**HOWARD M. MEISELES**
**ALTERIO A. COLETTI**
SENIOR ADMINISTRATIVE LAW JUDGE

## *DECISION AND NOTICE OF DECISION*
## *DECISIÓN Y AVISO DE LA DECISIÓN TOMADA*

A.L.J. Case No. 007-28265

Mailed and Filed: FEB 7 2008

IN THE MATTER OF:

**PATRICIA A O NEIL**
**2732 BATH AVENUE**
**BROOKLYN NY 11214**

**BANK OF AMERICA NA**
**LEGAL DEPARTMENT**
**40 WEST 57TH STREET**
**NEW YORK NY 10019-0000**

**JON JAY ASSOCIATES INC**
**RE: BANK OF AMERICA NA**
**PO BOX 6170**
**PEABODY MA 01961-6170**

Department of Labor Office: 831

Hearing Requested: November 29, 2007

**PLEASE TAKE NOTICE** that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within **TWENTY DAYS** from the date this decision was mailed. Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear. **READ IMPORTANT INFORMATION ON REVERSE SIDE.**

**POR FAVOR TOME NOTA** que esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, usted puede apelar dentro de los **VEINTE DIAS** a partir de la fecha en que esta decisión fué enviada por correo. Cualquiera de las partes que falle en comparecer a la audiencia, tiene derecho de aplicar para que reabran su caso. Para que la apelación sea aceptada, la parte interesada debe aplicar dentro de un período de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia. **LEA INFORMACIÓN IMPORTANTE AL REVERSO.**

**DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)**

ISSUES: Loss of employment through misconduct.

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective September 22, 2007, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by Bank of America, NA prior to September 22, 2007 cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

A hearing was held at which testimony was taken. There was an appearance by the claimant and her representative.

FINDINGS OF FACT: Claimant was employed as a senior administrative assistance for the legal department of a commercial bank. The employer's ethics policy prohibited an employee from committing any dishonest acts. As part of claimant's job duties, she would process invoices for payment. When claimant received an invoice by mail, she would date stamp it and show it to the assistant general counsel for whom she worked for approval. If approved, the assistant general counsel would sign the invoice and return it to the claimant, who would then prepare a form to accompany the approved invoice to the legal invoice team.

In February 2007, the claimant received an invoice in the amount of $2,516 for legal fees by outside counsel. Claimant brought this document to the assistant general counsel for approval. The assistant general counsel approved the invoice verbally, however inadvertently signed the accompanying cover letter instead. Claimant prepared the necessary form to accompany the invoice and sent the documents to the legal invoice team. Over the next few months, the legal invoice team rejected the invoice several times for various administrative reasons, each of which was addressed by the claimant. In July 2007, the invoice was rejected by the legal invoice team because the invoice itself did not contain the requisite signature of the assistant general counsel. At that time, the assistant general counsel was out of state on a business trip. The claimant was apprehensive to contact the assistant general counsel to advise her that the invoice had been rejected again, as the last directive of the assistant general counsel to the claimant was to get the invoice processed as the assistant general counsel was tired of seeing the invoice repeatedly rejected. Claimant approached three co-workers in the same position for advice and was told that since the assistant general counsel verbally approved the invoice, she should sign the name of the assistant general counsel herself. Claimant believed that was permissible as she had been given authority on prior occasions to sign for the assistant general counsel when paying for lunch deliveries by credit card. Claimant then signed the name of the assistant general counsel and submitted the invoice, which was then approved and paid. Claimant was discharged on September 21, 2007 for signing the assistant general counsel's name to the invoice, which was deemed a dishonest act.

OPINION: Pursuant to Labor Law § 593 (3), a claimant is disqualified from receiving benefits after having lost employment through misconduct in connection with that employment. Pursuant to Labor Law § 527, the wages paid in such employment cannot be used to establish a future claim for benefits.

The credible evidence establishes that the claimant was discharged for violating the employer's ethics policy for signing the name of the assistant general counsel on an invoice. The claimant acknowledges that she signed the name of the assistant general counsel but believed it to be permissible, as the assistant general counsel, who was not available to sign the invoice and was adamant that the invoice be processed immediately, had already verbally approved the invoice but inadvertently signed the memo instead of the invoice itself. Moreover, claimant did so only after conferring with co-workers and being advised to do so. Claimant's former co-worker appeared at the hearing and credibly testified that the claimant had approached her in this regard and was advised that it would be permissible to sign the name of the assistant general counsel. I conclude that claimant, although guilty of poor judgment, did not commit a dishonest act by signing in the place of the assistant general counsel under these circumstances and thus, I conclude that the claimant's action did not amount to misconduct. Accordingly, I further conclude that the claimant did not lose her job under disqualifying circumstances.

DECISION: The initial determination, disqualifying the claimant from receiving benefits effective September 22, 2007, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by Bank of America, NA prior to September 22, 2007 cannot be used toward the establishment of a claim for benefits, is overruled.

The claimant is allowed benefits with respect to the issues decided herein.

/s/ Nicholas Alimaras

**Administrative Law Judge**



RECEIVED-UI APPEAL BOARD
TROY NY
2008 FEB 13 AM 10:58

# JON-JAY ASSOCIATES, INC.~A TALX COMPANY

**Management Consultants**
*Specializing in Unemployment Compensation*

One Corporation Way ~ Peabody, Massachusetts 01960

February 13, 2007

Unemployment Insurance Appeal Board
PO Box 15126
Albany, NY 12212-5126

Fax: 518-402-6208

**Claimant: Patricia O'Neil**
**Employer: Bank of America**
**SS #: 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**
**A.L.J. Case Number: 007-28265**

To NY Unemployment Insurance Appeal Board

As duly authorized agents for the above-mentioned employer, we hereby appeal the decision in the above referenced matter and ask that the case be reopened for the employer to present testimony.

As grounds thereof, the agent for the employer received the notice of hearing made the request on January 9th with the judge to have the employer participate by telephone as the witness with firsthand testimony to offer is located in North Carolina. Myself acting as the agent called the hearings office on January 10th and was told that a decision to grant this had not been made yet and that they have until the end of the day on January 11th to make a decision. I called again January 11th and was told that no decision had been made but if it was granted I would hear back from them by the end of the day. I did not hear from the hearings office as I was told I would on January 11th. The employer in this case did receive a call from the judge, however being that we were not notified we would be allowed to participate at the hearing by phone were unprepared to go forward.

We respectfully ask that you review the record and reopen this case. The employer feels that due to the lack of feedback on behalf of the hearing office in its request for phone participation that it should be granted the right to participate and present its case.

Sincerely,
Aaron Heyer
Hearings Representative
Jon Jay Associates-A TALX Company



RECEIVED
DEPARTMENT OF LABOR
FEB 22 2008
ADJUDICATION SERVICES OFFICE
UNEMPLOYMENT INSURANCE DIVISION
NEW YORK, NY

E



WILLIAM J. ROLD
CHIEF ADMINISTRATIVE LAW JUDGE

TERESA A. DEMEO
JOSEPH T. BAUM
PRINCIPAL ADMINISTRATIVE LAW JUDGE

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
**ADMINISTRATIVE LAW JUDGE SECTION**
P.O. BOX 697
NEW YORK NY 10014-0697
(212) 352-6982
FAX:(212) 352-6814

MARGARET O'BRIEN
LAURANCE I. PAVER
LEONARD R. SHAPIRO
PAULA YORKE
HOWARD M. MEISELES
ALTERIO A. COLETTI
SENIOR ADMINISTRATIVE LAW JUDGE

***DECISION AND NOTICE OF DECISION***
***DECISIÓN Y AVISO DE LA DECISIÓN TOMADA***

A.L.J. Case No. 008-04213

Mailed and Filed: APR 01 2008

IN THE MATTER OF:

**PATRICIA A O NEIL**
**2732 BATH AVENUE**
**BROOKLYN NY 11214**

**BANK OF AMERICA NA**
**LEGAL DEPARTMENT**
**40 WEST 57TH STREET**
**NEW YORK NY 10019**

**JON JAY ASSOCIATES INC**
**RE: BANK OF AMERICA NA**
**PO BOX 6170**
**PEABODY MA 01961-6170**

Department of Labor Office: 831

Hearing Requested: February 13, 2008

**PLEASE TAKE NOTICE** that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within **TWENTY DAYS** from the date this decision was mailed. Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear. **READ IMPORTANT INFORMATION ON REVERSE SIDE.**

**POR FAVOR TOME NOTA** que esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, usted puede apelar dentro de los **VEINTE DIAS** a partir de la fecha en que esta decisión fué enviada por correo. Cualquiera de las partes que falle en comparecer a la audiencia, tiene derecho de aplicar para que reabran su caso. Para que la apelación sea aceptada, la parte interesada debe aplicar dentro de un período de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia. **LEA INFORMACIÓN IMPORTANTE AL REVERSO.**

**DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)**

ISSUES: Loss of employment through misconduct.
Employer's Application to Reopen Case No. 007-28265

**EMPLOYER SECOND DEFAULT - CLAIMANT'S CASE**

FINDINGS OF FACT: The claimant requested a hearing. By decision of the Administrative Law Judge (A.L.J. Case No. 007-28265), the initial determination was overruled. The employer applied to reopen that decision.

Although duly notified of the time and place of the hearing before the Administrative Law Judge on the application to reopen, the employer failed to appear.

OPINION: Based upon a review of the record and evidence herein, the employer is held in default because the employer failed to appear at the requested hearing.

DECISION: The employer's application to reopen the decision of the Administrative Law Judge is denied. That decision continues in effect.

The initial determination is overruled. The claimant is allowed benefits.

/s/ Nicholas Alimaras

**Administrative Law Judge**

F



# U.S. Equal Employment Opportunity Commission
## New York District Office

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
FAX (212) 336-3625
1-800-669-4000

Respondent: BANK OF AMERICA
EEOC Charge No.: 520-2008-03183
FEPA Charge No.:

May 13, 2008

Patricia O'Neil
2732 Bath Avenue
Brooklyn, NY 11214

Dear Ms. O'Neil:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ] Title VII of the Civil Rights Act of 1964 (Title VII)

[ ] The Age Discrimination in Employment Act (ADEA)

[ ] The Americans with Disabilities Act (ADA)

[ ] The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X] Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.
New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

MB

Michael Bertty
ADR Coordinator
(212) 336-3646

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

cc: David Abrams, Esq.
305 Broadway, 5th Floor
New York, NY 10007

F

# CHARGE OF DISCRIMINATION

| | AGENCY | | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | | FEPA | |
| | X | EEOC | 520 2008 03183 |

| | | and EEOC |
|---|---|---|
| | State or local Agency, if any | |

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Patricia O'Neil | 718-266-1184 |

| STREET ADDRESS CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 2732 Bath Ave., Brooklyn, NY 11214 | 4 April 1967 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Bank of America | 1000+ | 646-313-8141 |

| STREET ADDRESS CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 40 W 57th Street, New York, NY 10019 | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| | |
|---|---|
| X | RACE |
| | COLOR |
| X | SEX |
| | RELIGION |
| | AGE |
| | RETALIATION |
| | NATIONAL ORIGIN |
| | DISABILITY |
| | OTHER *(Specify)* |

DATE DISCRIMINATION TOOK PLACE *EARLIEST (ADEA/EPA) LATEST (ALL)*: September 20, 2008

X CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was employed by Bank of America for approximately 9 months until approximately September 20, 2007 as an administrative assistant in the legal department. I am a white female. In early September of 2007, I was confronted by a supervisor, Octavia Saine, who told me that I was "evil" based on an investigation she had apparently done of e-mails within my department. Based on our conversation, I believed that Ms. Saine was looking for an excuse to fire me. Approximately two weeks later, I was fired, allegedly for signing an attorneys' signature on an invoice.

At around the same time, approximately 3 other white female employees were fired based on the same e-mail investigation by Ms. Saine. I believe that there were non-white or male employees who had engaged in similar conduct to me and the others, known to management, who were not fired. I believe I am the victim of discrimination.

| | |
|---|---|
| I want this charge filed with both the EEOC and the local Agency, to the extent required by the worksharing agreement. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Patricia J O'Neil | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 23 April 2008 (Day, month, and year) |
| Date 23 April 2008 — Charging Party *(Signature)* | [signature] |

EEOC FORM 5 (Test 10/94)

DAVID N. ABRAMS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AB6097088
Qualified in New York County
My Commission Expires August 18, 2011

RECEIVED
APR 28 2008
EEOC-NYDO-CRTIU